Church, Ch. J.
The action is on contract, for the sale and delivery of various articles of merchandise. The answer and affidavits to oppose the order of reference show that the defendant does not take issue upon the delivery of the number and quantity of the articles specified in the bill of particulars, but alleges a breach of warranty, fraud and deceit in respect to the quality; and sets up, as a counter-claim, a *592 breach of warranty, fraud and deceit in respect to a quantity of other merchandise purchased by the defendant of the plaintiff, not included in the complaint. The items of this last quantity of merchandise are admitted in the reply, except five; and the defendant, in his affidavit, stipulates to waive the damages as to those five items. Upon these facts it is claimed that the action is not referable: first, because the gist of the action, or, rather, the issue, is fraud, and therefore within the constitutional inhibition, within Townsend v. Hendricks (40 How. Pr., 143); and, second, because it does not involve the examination of a long account.
It is clear that the first position cannot be sustained. Actions on contract may be referred. This is an action on contract. The character of an action is determined by the complaint. The answer cannot change it. If the action is a referable" one the answer cannot make it non-referable. The right to show fraud in the transaction, and claim the damages by way of recoupment or counter-claim, does not change the action, but permits a defence to" the action to reach speedy justice and avoid circuity. I think, also, that the second objection cannot be made available here. This court will not review the finding below, that the action involves the examination of a long account if the facts will warrant such a finding. If the facts show that the examination of a long account may be necessary, and the court below has decided to refer the action, this court will not interfere. It is only when it is palpable that no such account can be involved that an appeal will lie to this court. (Kain v. Delano, 11 Abb. [N. S.], 29.)
In this case the plaintiff’s bill of particulars contains twenty-six items of specified articles of merchandise, which are alleged to have been sold and delivered to the defendant at specified prices. The number of items are sufficient to make a long account within the requirement of the statute. The defendant does not admit this account as charged, but only a portion of the elements constituting it. He says he had the number and quantity, but not the articles charged.
*593 The plaintiff must, therefore, prove his account, at least to the extent of identifying the property delivered with that charged. To some extent, therefore, the account must he examined, and the several items considered upon the trial; and this examination brings the case within the reasons for referring actions. It would be inconvenient, and many times impracticable, for a jury to adjust an account composed of many items. At all events, the facts are amply sufficient to warrant the order of reference by the court below, and it must be affirmed.
Gboveb, Folq-eb, Rapallo and Andbews, JJ., concur.
Peokhaai and Allen, JJ., for dismissal of appeal; if not dismissed, then for affirmance.
Order affirmed.